**JIAN XING LI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Respondents.**

No. 08–0238–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2008.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C, for Respondents.

Present: JOSÉ A. CABRANES, ROBERT A. KATZMANN and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jian Xing Li, a citizen of the People's Republic of China, seeks review of a December 28, 2007 order of the BIA affirming the February 16, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan: (1) denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying his motion to remand the case to the IJ. *In re Jian Xing Li*, No. A79 743 357 (B.I.A. Dec. 28, 2007), *aff'g* No. A79 743 357 (Immig. Ct. N.Y. City Feb. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Direct Appeal

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *see Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir.2007). We review questions of law *de novo,* including "what quantum of evidence will suffice to discharge an applicant's burden of proof." *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir.2007).

■ We need not reach the question of whether the agency's adverse credibility finding was supported by substantial evidence, because we agree with its alternative conclusion that Li failed to establish an objectively reasonable fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Li concedes that he did not experience past persecution, and, accordingly he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, Li acknowledged during his merits hearing that he had no direct contact with the authorities after committing the actions he asserts will expose him to persecution upon his return to China. Rather, Li's claimed fear of future persecution is based only on warnings relayed by members of his family that authorities were seeking him after he released a pregnant woman whom he had been asked to guard. We have previously found that "vague threats" relayed by family and friends are insufficient to support an asylum application where there is insufficient evidence to establish how or whether the threats will be acted upon. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002). Upon reviewing the record, we conclude that there is substantial evidence to support the agency's conclusion that Li failed to demonstrate a well-founded fear of future persecution supported by "reliable, specific, objective supporting evidence." *Ramsameachire v. Ashcroft*, 357 F.3d at 178.

■ Because Li was unable to show the objective reasonable fear of future persecution needed to make out an asylum

claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and relief under CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991).

## II. Motion to Remand

We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal quotation marks omitted). The BIA has "broad discretion" to deny a motion to remand where, for example, the movant failed to make a *prima facie* case for eligibility for asylum. *See id.* at 156.

▇ We conclude that the BIA did not abuse its discretion in denying Li's motion to remand. The BIA properly concluded that Li's conversion to Christianity, standing alone, did not establish *prima facie* eligibility for asylum. As the BIA noted, the country reports in the record indicate that religious practices are widespread in China, although subject to certain restraints. The reports indicate that "in many areas, small house churches and 'family' churches were generally tolerated by the authorities, so long as they remained small and unobtrusive" and that when severe mistreatment occurred, it was usually directed at church leaders. We cannot disagree with the BIA's conclusion that Li's claim is too speculative to support an objective fear of future persecution, as he did not submit "evidence that substantiates [his] particular claims." *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).